UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL GROISMAN,

    Plaintiff,

vs.

GOLDBERG & RIMBERG PLLC and
ISRAEL GOLDBERG, ESQ.

    Defendants.

CIVIL ACTION NO.

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, DANIEL GROISMAN, by his attorney, Joseph H. Neiman, Esq., complaining of the defendants, GOLDBERG & RIMBERG PLLC and ISRAEL GOLDBERG, ESQ., alleges as follows upon information and belief:

### NATURE OF THE CASE

1. This is an action brought by Daniel Groisman against Goldberg & Rimberg PLLC and Israel Goldberg, Esq., wherein plaintiff is alleging that he was the victim of Negligence and/or Legal Malpractice. By this action, Plaintiff seeks money damages plus interest, costs, disbursements, attorney's fees.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. Sec. 1332:a:2. The action is between citizens of different states and the matter in controversy exceeds $75,000.00 exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, as defendants reside and/or do business in the Southern District of the State of New York.

This cause of action arose within the Southern District of the State of New York. Venue is therefore proper under 28 U.S.C. 1391.

## PARTIES

4. Plaintiff, Daniel Groisman, is an individual residing in Argentina.

5. Defendant, Goldberg & Rimberg PLLC is a Law Firm with its principal place of business located at 115 Broadway, in the City of New York, County of New York, State of New York.

6. Defendant, Israel Goldberg, Esq. is an attorney and a member of the law firm of Goldberg and Rimberg PLLC with its principal place of business located at 115 Broadway, in the City of New York, County of New York, State of New York.

## INTRODUCTION AND PRELIMINARY STATEMENT

7. Plaintiff, repeats and realleges each and every allegation contained in the Paragraphs 1 through 6 of this Complaint as though each were fully set forth at length herein.

8. In or around the summer of 2011, plaintiff was introduced to Joseph Feller. At that time and immediately thereafter Feller, without request, suggestion or prior knowledge of or by the Plaintiff, solicited and persuaded plaintiff to invest in a real estate project in Brooklyn, New York.

9. At that time and thereafter Feller, in an effort to secure the investment of Plaintiff provided specific details and specifications of the project and the investment to the plaintiff. These details and specifications of the project and the investment were provided by the defendant to the plaintiff orally and in writing.

10. Plaintiff was informed and directed by Feller that plaintiff and defendant were each to invest $3,000,000 (three million dollars).

11. Feller provided the wiring information of the attorney trust account to wire said funds.

12. Plaintiff in compliance with the terms of the agreement, as specified by Feller, invested $3,000,000 and Feller was to invest $3,000,000. The total investment of $6,000,000, from Plaintiff and Feller, was specifically allocated for the acquisition of property located at 168 Meserole Street in Brooklyn, New York as well as other costs in obtaining financing for the development project.

13. In accord with the instructions provided by Feller and in reliance on the representations provided by Feller as delineated herein, on or about September 28 and 29, 2011 plaintiff sent wires into the attorney trust account of Carl N. Caller as directed by and supervised by Jeffrey Zwick, Esq. in the total amount of $3,000,000.00.

14. Feller informed plaintiff that Zwick would be the attorney responsible for all legal matters concerning this project and would be acting to protect the interests of the Plaintiff and Feller. In fact, part of the use of proceeds of the investment made by Plaintiff was to secure the legal services of Zwick and Carl N. Caller.

15. Feller further advised plaintiff that he had retained Zwick to represent him (Feller) and plaintiff individually.

16. At some point in time the deal to purchase the property at 168 Meserole Street in Brooklyn, New York fell through.

17. Although both Zwick and Feller had an absolute duty to advise plaintiff that the deal had fallen through, plaintiff was not so advised.

18. In fact, after the deal had fallen through, Feller continued to advise plaintiff that the deal was still ongoing.

19. The funds plaintiff forwarded to his attorney Zwick, were never used for the purchase of the subject premises or for any expenses related to the project except for fees to Zwick.

20. Subsequent to plaintiff placing the funds with Caller for investment by Plaintiff, Zwick left the offices of N.C. Caller, P.C. and opened a law office under the name of Jeffrey Zwick & Associates.

21. Unbeknownst to plaintiff, Zwick removed Plaintiff's funds from Caller's trust account and transferred the funds to his own trust account.

22. Thereafter Zwick removed Plaintiff's funds from his own trust account and transferred those funds for utilization in a real estate transaction in Bergen County, New Jersey.

23. At that time, plaintiff believed Zwick was still acting as plaintiff's attorney.

24. Plaintiff had no knowledge of this transaction and was not a party to this investment.

25. The release of Plaintiff's funds by Zwick for said transaction was done without the knowledge, authority or agreement of the plaintiff.

26. During the period of time that plaintiff's funds were unlawfully transferred and wrongfully and unknowingly allocated for the acquisition of real estate in Bergen County, Feller continued to advise, inform and confirm to the plaintiff that the

$3,000,000 invested by the Plaintiff was being applied and utilized for the Brooklyn project originally specified by Feller.

27. Upon discovery by Plaintiff that the funds he invested were misappropriated into a real estate deal in Bergen County, New Jersey, plaintiff, through various representatives contacted both Feller & Zwick.

28. Zwick told plaintiff's representative Norman Eisen that Zwick had plaintiff's written permission to move the funds to the Bergen County deal.

29. Said statement was false as plaintiff never gave Zwick such permission.

30. By not informing plaintiff that the Meserole deal was dead and that his funds were going to be used in another deal Zwick breached his duty to plaintiff and aided and abetted Feller in his fraud.

31. Further, Zwick knew plaintiff's funds that were in Zwick's possession were not to be used for any purpose other than purchasing the Meserole property.

32. Zwick chose not to inform plaintiff that the Meserole deal fell through and aided and abetted Feller with his fraud when he knew plaintiff had no knowledge the Meserole deal was not taking place and that Feller, with Zwick's aid, intended on using plaintiff's funds for another transaction without plaintiff's permission.

33. Feller, with the aid of Zwick, fraudulently and willfully converted, removed, transferred and asserted personal dominion over the funds invested by Plaintiff and unlawfully allocated Plaintiff's funds for his own benefit without the knowledge, consent or authority of the Plaintiff. The Plaintiff has suffered substantial damage as a direct result of Feller's fraud, misrepresentation and deceit.

34. At all times mentioned herein, Zwick had a fiduciary duty concerning the funds he received in his trust account that belonged to plaintiff.

35. Zwick knew the funds belonged to Groisman.

36. As the attorney responsible for the funds entrusted to him, Zwick, in compliance with the fundamental legal and fiduciary duties to which he was obligated, wrongfully released Plaintiff's funds without clear and unambiguous authority, information or direction as it pertains to the ownership of the funds and the application of those funds as directed by the owner.

37. Zwick's abject and complete failure to adhere to any minimal standard of professional conduct was a direct cause of consequential and extensive damage to plaintiff.

38. At all times mentioned herein, Zwick acted as plaintiff's attorney.

39. Zwick's actions, including but not limited to failing to advise plaintiff that the Meserole deal was dead, forwarding plaintiff's money to another project without plaintiff's authority, knowledge or consent and the transfer of trust funds from Feller's trust account to his own without the authority, knowledge or consent of Plaintiff constitutes negligence.

40. As a result of Zwick's actions, plaintiff has been damaged.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

41. The Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-40 of this compliant as if fully set forth at length herein.

42. Sometime in August 2014, plaintiff employed the Law Firm of Goldberg & Rimberg PLLC to retrieve his money from Feller and/or Zwick.

43. Defendant Goldberg went about contacting and discussing the matter with Jeffrey Zwick.

44. Sometime thereafter, at a date unknown to plaintiff, Goldberg terminated the relationship.

45. The funds that Zwick improperly transferred were transferred sometime in September of 2012.

46. At no time did Goldberg or any member of Goldberg & Rimberg PLLC advise plaintiff that to recover from Zwick plaintiff would need to file an action prior to September 2015.

47. As plaintiff's attorney, Goldberg & Rimberg had a duty to advise plaintiff that any action brought against Zwick must be brought no later than September 2015.

48. The failure to so inform plaintiff led plaintiff to not seek relief before such time.

49. As a result of such failure, plaintiff has suffered damages as Zwick has raised the statute of limitations as an affirmative defense to plaintiff's claim in a lawsuit filed by plaintiff against Zwick.

50. Should Zwick prevail on the affirmative defense of Statute of Limitations, plaintiff will suffer money damages in excess of $2,000,000 as a result of defendant's failure to advise plaintiff to take action earlier.

WHEREFORE, Plaintiff respectfully prays this court enter judgment on all Counts for compensatory damages in the sum of $2,000,000.00, attorney's fees to be

determined by the court, as well as interest and costs incurred in this action and for such other further relief as this court deems just and proper.

Dated: August 31, 2018

_____
Joseph H. Neiman, Esq.
Attorney for Plaintiff
179-36 80th Road
Jamaica Estate, NY 11432
(201) 487-0061

## JURY DEMAND

Plaintiff demands trial by jury with respect to all issues so triable.

Dated: August 31, 2018

_____
Joseph H. Neiman, Esq.
Attorney for Plaintiff
179-36 80th Road
Jamaica Estate, NY 11432
(201) 487-0061