UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| DANIEL GROISMAN, | |
|---|---|
| Plaintiff, | |
| -v- | 18-CV-7989 (JPO) |
| GOLDBERG & RIMBERG PLLC and ISRAEL GOLDBERG, | OPINION AND ORDER |
| Defendants. | |

J. PAUL OETKEN, District Judge:

Plaintiff Daniel Groisman brings this legal malpractice action against his former attorneys, Defendants Goldberg & Rimberg PLLC and Israel Goldberg (together, "Goldberg"). Goldberg has now moved to dismiss Groisman's complaint for failure to state a cognizable claim to relief or, barring dismissal, to stay this case pending the conclusion of a related case that is currently proceeding in the Eastern District of New York. (Dkt. No. 14.) For the reasons that follow, Goldberg's motion to dismiss is denied and its motion to stay is granted.

**I.  Background**

The Court draws its recitation of the case's factual background from the allegations in the complaint, all of which are assumed to be true for purposes of resolving Goldberg's motion to dismiss. *See Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 210 (2d Cir. 2012).

In the summer of 2011, an individual named Joseph Feller persuaded Plaintiff Daniel Groisman to invest in a plan to acquire and develop a property located in Brooklyn. (Dkt. No. 1 ("Compl.") ¶¶ 8, 12.) Pursuant to his agreement with Feller, Groisman wired $3,000,000 into a trust account under the direction of Feller's chosen attorney, Jeffrey Zwick. (Compl. ¶¶ 13–14.) But although the project thereafter fell through, neither Feller nor Zwick so informed Groisman. (Compl. ¶¶ 16–18.) Meanwhile, unbeknownst to Groisman, sometime around September 2012

1

Zwick removed the funds Groisman had contributed to the failed project from the trust account and invested them in a separate real estate deal. (Compl. ¶¶ 21–25, 45.)

After Groisman learned of Zwick's actions, Groisman retained Goldberg in August 2014 to assist in recovering his investment. (Compl. ¶ 42.) At some point thereafter, though, Goldberg terminated its relationship with Groisman, allegedly without informing him that any lawsuit he might wish to bring to recover his money would need to be filed prior to September 2015 in order to fall within the relevant statute of limitations. (Compl. ¶¶ 44, 46.) As a result, Groisman alleges, he did not seek legal redress before that date. (Compl. ¶ 48.) Although Groisman has now belatedly filed a lawsuit in the Eastern District of New York with the aim of recovering his money, *see Groisman v. Feler* (the "EDNY Suit"), No. 16 Civ. 1369 (E.D.N.Y.), Zwick has predictably raised the statute of limitations as a defense in that lawsuit (Compl. ¶ 49).

With the EDNY Suit pending, Groisman filed a complaint against Goldberg in this Court on August 31, 2018. (Dkt. No. 1.) According to the one-count complaint, Goldberg's failure to inform Groisman about the relevant statute of limitations constituted legal malpractice. (Compl. ¶¶ 1, 41–50.) Because Groisman will allegedly suffer at least $2,000,000 should Zwick prevail on his statute of limitations defense in the EDNY Suit (Compl. ¶ 50), Groisman seeks judgment against Goldberg in that amount, along with attorney's fees, interest, and costs (Compl. at 7–8).

On January 3, 2019, Goldberg moved to dismiss this case or, in the alternative, to stay it pending the conclusion of the EDNY Suit. (Dkt. No. 14.) Groisman filed a belated response on March 25, 2019, opposing the motion to dismiss and explaining that, although he does not object to a stay "[i]n princip[le]," he believes that "a full out total stay" would be inappropriate and that

"discovery [should] move forward" in this case.[1]  (Dkt. No. 21 at 3.)  Goldberg has now filed its reply (Dkt. No. 25), and the Court is prepared to rule on Goldberg's motion.

II.     **Legal Standard**

As for Goldberg's motion to dismiss, Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint against it for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, "a complaint must allege 'enough facts' to 'raise a right to relief above the speculative level' and 'state a claim to relief that is plausible.'"  *Bryant*, 692 F.3d at 210 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  A complaint states a plausible claim to relief if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), provided that all the factual allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the non-moving party, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

As for Goldberg's motion to stay, a court has inherent power to stay proceedings in an action before it "pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling" of the issues before the court.  *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).  In deciding whether to issue a stay, a court considers factors such as

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

---

[1] Goldberg urges the Court to disregard Groisman's untimely filing.  (Dkt. No. 25 at 1–2.)  Because the Court ultimately does not rely on Groisman's opposition in resolving Goldberg's motion, however, the Court will exercise its discretion to excuse Groisman's lapse.

*Id.* (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

## III. Discussion

Under New York law,[2] a plaintiff alleging legal malpractice "must demonstrate that [his] attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages." *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 (2007) (quoting *McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002)). To demonstrate causation, "a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence." *Id.*

Here, Goldberg argues that Groisman has failed to state a viable legal malpractice claim because his complaint fails to properly allege (1) that he has yet suffered any actual damages or (2) that Goldberg's alleged malpractice was the proximate cause of any damages that Groisman might ultimately incur. (Dkt. No. 16 at 4–5.) The Court addresses each argument in turn.

As for damages, Goldberg points out that Groisman's complaint alleges only that Zwick has *raised* a statute of limitations defense in the EDNY Suit, and not that he has *prevailed* on his defense. Indeed, as Goldberg notes, the court presiding over the EDNY Suit has denied a motion to dismiss Groisman's complaint in that action as untimely (*see* Dkt. No. 15-3 at 14–16), and litigation of the issue is ongoing.[3] Goldberg argues, therefore, that Groisman might yet recover

---

[2] Goldberg assumes that New York law governs Groisman's legal malpractice claim (*see* Dkt. No. 16 at 4), and Groisman makes no argument to the contrary (*see generally* Dkt. No. 21). The Court therefore joins the parties in assuming that New York law governs here. *See VTech Holdings, Ltd. v. Pricewaterhouse Coopers, LLP*, 348 F. Supp. 2d 255, 262 n.48 (S.D.N.Y. 2004) ("The law of the forum state governs where, as here, neither party alleges that the law of a different state would control and differs from New York law.").

[3] Because the progress of the EDNY Suit is a matter of public record, this Court may take judicial notice of judgments and filings in that suit. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document

his lost investment through the EDNY Suit and that he has therefore suffered no "actual and ascertainable damages" as of yet. *Rudolf*, 8 N.Y.3d at 442 (quoting *McCoy*, 99 N.Y.2d at 301).

Goldberg's argument has force. After all, "while the [EDNY Suit] is pending, it cannot be determined whether [Goldberg's] alleged legal malpractice proximately caused [Groisman] to sustain damages." *Spitzer v. Newman*, 82 N.Y.S.3d 595, 597 (App. Div. 2d Dep't 2018). But New York courts have held that a plaintiff's legal malpractice claim against an attorney who is no longer representing him accrues "when the malpractice is committed," *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 166 (2001), and not when "the damages develop or become quantifiable or certain," *Woodson ex rel. Woodson v. Am. Transit Ins. Co.*, No. 104008/96, 2005 WL 2515017, at *2 (N.Y. Sup. Ct. Oct. 11, 2005). While a plaintiff must await *some* sort of legal injury before bringing suit, *see Adamson v. Bachner*, No. 01 Civ. 10213, 2002 WL 31453096, at *2 (S.D.N.Y. Oct. 31, 2002), the missed opportunity to file a suit within the statute of limitations is such an injury, *see Shumsky*, 96 N.Y.2d at 166 (noting that a legal malpractice claim accrued "when the Statute of Limitations had expired on the . . . action plaintiffs retained defendant to commence").

Here, Groisman has plausibly alleged that Goldberg's failure to notify him of the relevant statute of limitations caused him to file his claim against Zwick outside the limitations window. Groisman has thus alleged the requisite injury, even if the measure of damages—or whether Groisman will suffer any money damages at all—is yet uncertain. Because New York law permits a plaintiff to file a legal malpractice claim under such circumstances, dismissal of Groisman's complaint for failure to allege actual damages at this juncture is unwarranted. *See Lopez v. Lozner & Mastropietro, P.C.*, 88 N.Y.S.3d 554, 556 (App. Div. 2d Dep't 2018) (holding

---

filed in another court . . . to establish the fact of such litigation and related filings." (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998))).

that a plaintiff was "entitled to commence [a] legal malpractice action" arising out of the litigation of a personal injury claim "even though the underlying personal injury action was still pending, as the legal malpractice action accrued" at the time of the attorney's challenged action); *Johnston v. Raskin*, 598 N.Y.S.2d 272, 272 (App. Div. 2d Dep't 1993) (recognizing that a plaintiff may bring a legal malpractice claim even where damages are, "as yet, unconfirmed").

The Court therefore turns to Goldberg's second argument for dismissal, *i.e.*, that even if Zwick prevails on his statute of limitations defense in the EDNY Suit, any damages Groisman might suffer as a result of his inability to recover his lost investment in litigation could not plausibly have been proximately caused by Goldberg's alleged malpractice. After all, Goldberg argues, Groisman has retained the services of new counsel in the EDNY Suit, and that newly retained counsel has foregone specified opportunities to take steps in that litigation that would supposedly have ameliorated the effects of Groisman's belated filing. (Dkt. No. 16 at 7–10.)

The Court sees things differently. Goldberg has cited no authority that supports the proposition that attorney negligence that forecloses one potential avenue for a client to secure relief is *categorically* incapable of proximately causing damages whenever the client could potentially have gained relief by raising a different legal claim or suing a different defendant. And to the extent that Goldberg argues that, on the specific facts of this case, the particular litigation choices made by Groisman's new counsel in the EDNY Suit have been so foolhardy that they have superseded Goldberg's own alleged negligence as a matter of law, the Court is unpersuaded. After all, *if* Zwick successfully invokes the statute of limitations against Groisman in the EDNY Suit, and *if* Groisman is otherwise unable to recover his lost funds, and *if* Groisman is able to carry his burden of demonstrating "that he . . . would have prevailed" on his claims against Zwick had they been timely filed, *Rudolf*, 8 N.Y.3d at 442, then it would hardly be

implausible to trace Groisman's damages to Goldberg's alleged negligence. Dismissal for failure to plausibly allege proximate causation is thus unwarranted.

As the foregoing chain of contingencies makes clear, however, the proper resolution of the sole claim raised in this action depends in no small part on how circumstances in the EDNY Suit ultimately unfold. This Court will therefore follow the practice of other courts that have found themselves in this position and will stay all proceedings in this case pending the entry of final judgment in the EDNY Suit. *See, e.g.*, *Collins v. Felder*, 251 F. Supp. 3d 634, 636 (S.D.N.Y. 2017); *Greenstreet Fin., L.P. v. CS-Graces, LLC*, No. 07 Civ. 8005, 2010 WL 3270230, at *2 (S.D.N.Y. Aug. 18, 2010); *Spitzer*, 82 N.Y.S.3d at 597.[4]

### IV. Conclusion

For the foregoing reasons, Goldberg's motion to dismiss is DENIED, and its motion to stay is GRANTED. The parties shall notify the Court within twenty-one days after final judgment is entered in the EDNY Suit and, until that time, shall file a joint status update on or before October 24, 2019, and every 120 days thereafter.

The Clerk of Court is directed to close the motion at Docket Number 14 and to stay this case pending further order of the Court.

SO ORDERED.

Dated: June 26, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[4] Although Groisman consents to a stay "in princip[le]," he urges that discovery should nevertheless move forward. (Dkt. No. 21 at 3.) Given that the disposition of the EDNY Suit might obviate the need for conducting any discovery in this case at all, the Court sees no need to invite the premature expense of time and resources and so declines to limit the scope of the stay.